## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Magistrate Docket No. '21 MJ02617 |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATION OF:** |
| | ) Title 8, USC 1324(a)(1)(A)(i) Attempted Bringing In Illegal Aliens At Other Than Port Of Entry |
| Jose Eduardo INZUNZA-Sierra, Eduard ASLANYANN, | ) |
| | ) Title 8, USC 1326 Attempted Entry After Deportation |
| Defendant. | ) |

The undersigned complainant being, duly sworn, states:

### COUNT ONE

On or about June 26, 2021, within the Southern District of California, defendant Jose Eduardo INZUNZA-Sierra, with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Pedro MORFIN-Aguilera, Pedro Enrique SANDOVAL-Cortez and Francisco SANDOVAL-Vargas, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens at a place other than a designated Port Of Entry or place other than as designated by the commissioner; in violation of Title 8, United States Code, Section 1324(a)(l)(A)(i). And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

## COUNT TWO

On or about June 26, 2021, within the Southern District of California, defendant Eduard ASLANYANN, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near San Ysidro, California, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Matthew R. Kucewicz
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON JUNE 28, 2021

HON. BERNARD G. SKOMAL
United States Magistrate Judge

CONTINUATION OF COMPLAINT:
Jose Eduardo INZUNZA-Sierra
Eduard ASLANYANN

## PROBABLE CAUSE STATEMENT

The complainant states that Fransisco SANDOVAL-Vargas, Pedro Enrique SANDOVAL-Cortez and Pedro MORFIN-Aguilera, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On June 26, 2021, a United States Coast Guard vessel was conducting assigned duties in the Sector San Diego's area of responsibility. During the course of their duties, the Coast Guard vessel detected a pleasure vessel approximately 2 nautical miles off the coast of Mission Bay, California. At approximately 7:01 PM, the Coast Guard vessel launched a smaller craft with a boarding party to interdict the pleasure vessel. At approximately 7:25 PM, the Coast Guard craft approached the vessel, activated their emergency lights and siren, and were able to get the vessel to stop. The Coast Guard boarding party boarded and conducted a safety inspection. The Coast Guard boarding party discovered nine individuals, including one at the vessel's helm, later identified as the defendant, Jose Eduardo INZUNZA-Sierra, onboard the vessel. At approximately 7:45 PM, all nine individuals were transported to the San Diego Lifeguard Center in the Quivira Basin, located in San Diego, California.

On June 26, 2021, Border Patrol Agent W. Salgado was conducting assigned duties in the San Clemente Border Patrol Station's area of responsibility. Agent Salgado was in full rough duty uniform with Border Patrol badge and patches visible. At approximately 8:00 PM, Agent Salgado received a phone call from the San Clemente Border Patrol Station regarding a request by the Coast Guard for Border Patrol assistance at the San Diego Lifeguard Center. Agent Salgado responded and at approximately 9:00 PM, he arrived at the San Diego Lifeguard Center. This area is approximately 16 miles north of the United States/ Mexico International Boundary, and 12 miles west of the San Ysidro, California Port of Entry. Agent Salgado approached the nine individuals, identified himself as a United States Border Patrol Agent and conducted an immigration inspection. Eight of the individuals, including INZUNZA, and material witnesses, Fransisco SANDOVAL-Vargas, Pedro Enrique SANDOVAL-Cortez and Pedro MORFIN-Aguilera, stated that they are citizens of Mexico, without any documents that would allow them to enter or remain in the United States legally. The remaining individual, later identified as the defendant, Eduard ASLANYANN, stated that he is a citizen of Armenia, without any documents that would allow him to enter or remain in the United States legally. At approximately 9:15 PM, Agent Salgado placed all nine individuals, including INZUNZA,

CONTINUATION OF COMPLAINT:
Jose Eduardo INZUNZA-Sierra
Eduard ASLANYANN


ASLANYANN, SANDOVAL-Vargas, SANDOVAL-Cortez and MORFIN, under arrest.

During interviews material witnesses MORFIN, and Pedro SANDOVAL-Cortez were able to identify defendant Jose Eduardo INZUNZA-Sierra as the captain of the boat in a photographic lineup. Material witness Francisco Sandoval-Vargas identified a different individual as the captain, but stated he was unable to be sure.

Routine record checks of the defendant, Eduard ASLANYANN, revealed a criminal and immigration history. A comparison of the defendant's criminal record and current fingerprints were used to determine the defendant's record. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Armenia on April 12, 2017 through John F. Kennedy International Airport, in New York, New York. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.